RECEIVED
IN LAKE CHARLES, LA
JAN 3 1 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| EMERY J. SIMIEN | : | DOCKET NO. 05 CV 1458 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| INTERNAL REVENUE SERVICE | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the court is the United States' Motion to Dismiss [doc. 17]. The motion is opposed by the plaintiff in the form of a Motion to Proceed with Trial [doc. 19].[1]

## BACKGROUND

The pro se plaintiff, Emery J. Simien, failed to file tax returns for the 1999 and 2000 tax years.[2] As a consequence, the IRS prepared substitute tax returns and assessed civil penalties against him.[3] Simien failed to pay the penalties and, on September 20, 2004, the IRS mailed a Final Notice of Intent to Levy and Notice of Your Right to a Hearing.[4] This notice advised Simien that he could either pay the amount owed, make payment arrangements, or appeal the levy by requesting a Collection Due Process (CDP) hearing.[5]

---

[1] The plaintiff informed the magistrate at the December 14, 2006 scheduling conference that the Motion to Proceed with Trial was filed in opposition to the government's Motion to Dismiss.

[2] Def.'s Exhibit 1 [doc. 17].

[3] *Id.*

[4] Def.'s Ex. 2.

[5] *Id.*

On September 24, 2004, the IRS sent Simien a Notice of Federal Tax Lien and Your Right to a Hearing Under IRC 6320 to inform him that a Notice of Federal Tax Lien had been filed and that he had the right to request a hearing.[6] Simien requested a CDP hearing.[7] The IRS determined that the plaintiff was not entitled to a face-to-face hearing and scheduled a telephone hearing for February 23, 2005.[8]

At the scheduled date and time, an IRS appeals officer initiated a telephone hearing.[9] After Simien informed the appeals officer that he intended to record the hearing, the appeals officer responded that the IRS does not permit taxpayers to record telephone hearings.[10] Simien, however, insisted upon recording the hearing, whereupon the appeals officer informed him that if he did not turn off his recording device, the hearing would be terminated.[11] Simien refused to turn off his recording device and the hearing was terminated.[12]

On March 11, 2005, Simien was sent a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330. The Notice indicated that "the [IRS] complied with the requirements of various applicable law and administrative procedures" and that Simien was liable

---

[6] Def.'s Ex. 3.

[7] Def.'s Ex. 4, at 2.

[8] *Id.*

[9] *Id.*; *see also* Compl. [doc. 1], Ex. C.

[10] Def.'s Ex. 4, at 2; Compl., Ex. C.

[11] Def.'s Ex. 4, at 2; Compl., Ex. C.

[12] Def.'s Ex. 4, at 2; Compl., Ex. C.

for the assessments made against him.[13] The Notice also indicated that, if Simien wished to dispute the determination, he must file a complaint with the appropriate district court within 30 days.[14]

Simien instead filed a petition with the U.S. Tax Court.[15] By order dated July 15, 2005, the Tax Court dismissed the petition finding "the Court does not have jurisdiction to review respondent's collection activity relating to a section 6702 penalty."[16] The order explained that, pursuant to I.R.C. § 6330(d)(1), Simien had 30 days to file an appeal with the correct district court.[17]

On August 12, 2005, Simien filed a complaint in this court which requested the following relief: (1) a remand of the case to the Tax Court, (2) vacation of the March 11, 2005 determination since no hearing was held, and (3) an order directing the IRS to hold a hearing pursuant to I.R.C. § 6320. The government filed an answer and now moves to dismiss pursuant to Rule 12(b)(6) of the

---

[13] Def.'s Ex. 4, at 2-3.

[14] *Id.* at 1.

[15] Compl., Ex. A.

[16] *See* Compl., Ex. B.

[17] Section 6330(d)(1), as amended in 2006 by Pub.L. 109-280, provides for Tax Court review of appeals officers' determinations. Prior to the amendment and at the time the of the Tax Court's July 15, 2005 Order, § 6330(d)(1) read:

(1) **Judicial review of determination.**–The person may, within 30 days of a determination under this section, appeal such determination–

(A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or

(B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court.

3

Federal Rules of Civil Procedure.

## RULE 12(b)(6) STANDARD

Rule 12(b) states, "[I]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." The mover did not introduce matters outside the pleadings in this case, therefore the court will consider this a Rule 12(b) motion.

On a Rule 12(b)(6) motion, the court must view the plaintiff's complaint in the light most favorable to the plaintiff and must accept as true all of the factual allegations in the complaint. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161 (1993). The motion will be denied if the allegations support relief on any possible theory. *Cinel v. Connick*, 15 F.3d 1338 (5th Cir. 1994). The court will "bend over backwards to avoid granting a 12(b) motion to dismiss." *McCann v. Texas City Refining, Inc.*, 984 F.2d 667, 673 (5th Cir. 1993). With regard to pro se litigants, "[i]t is well-established that pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Calhoun v. Hargrove*, 312 F.3d 730, 733-734 (5th Cir. 2002) (citations and internal quotations omitted).

"[T]he district court's inquiry typically is directed simply to the question whether the allegations constitute a statement of a claim for relief under Rule 8(a)." 5B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 1998); *Leatherman*, 507 U.S. at 168, 113 S.Ct. at 1163. All that is required is that the petition include "a short and plain statement of the claim that gives the defendants fair notice of what the

4

plaintiff's claim is and the grounds upon which it rests." *Leatherman*, 507 U.S. at 168, 113 S.Ct. at 1163 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99. 103 (1957)) (internal quotations omitted).

There is no requirement that the plaintiff "set out in detail the facts upon which she bases her claim." *Id.* General factual allegations are sufficient and the court "will presume that general allegations embrace those specific facts that are necessary to support the claim." *National Organization for Women, Inc. v. Scheidler*, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 2137 (1992)). However, conclusory allegations concerning the legal effect of the events alleged do not have to be accepted by the court. WRIGHT, MILLER & COOPER, *supra* at § 1357.

## ANALYSIS

*Proper Defendant*

As an initial matter, the court will address the government's argument that the United States, rather than the IRS is the proper defendant. Indeed, the IRS is a federal agency which cannot be sued in its own name unless expressly authorized by Congress. *See Blackmar v. Guerre*, 342 U.S. 512, 72 S.Ct. 410 (1952). "Congress has made no provisions for suits against either the IRS or the Treasury Department, so these agencies are not proper entities for suit. Where taxpayers are authorized to sue on matters arising out of IRS actions, the United States is the proper party defendant." *Devries v. IRS*, 359 F.Supp.2d 988, 991-992 (E.D.Cal. 2005) (citations omitted); *see also Castleberry v. ATF*, 530 F.2d 672, 673 n. 3 (5th Cir. 1976). Accordingly, the United States will be substituted as the proper defendant.

*Failure to State a Claim*

With regard to the merits of his claim, the crux of Simien's complaint is that the failure of the IRS to provide him with a hearing prior to the issuance of its March 11, 2005 determination violates his due process rights. The United States, however, argues that "[t]he taxpayer had no right to record his collection due process hearing, and accordingly, he has no right to a second hearing because of his failure to participate in the hearing that was held."[18]

In *Keene v. Commissioner*, 121 T.C. 8 (2003), the U.S. Tax Court held that a taxpayer has the right to make an audio recording of his CDP hearing with the Appeals Office pursuant to I.R.C. § 7521(a)(1). The court found that "there is nothing in section 6330 or in the legislative history of that section to suggest that Congress did not intend to afford taxpayers the right, consistent with section 7521(a)(1), to audio record administrative hearings in collection actions." *Id.* at 17.

However, because the taxpayer in *Keene* was given a face-to-face hearing, the question of whether § 7251(a)(1) also permits the taxpayer to record hearings via telephone was left unanswered. In fact, this question was res nova until December 26, 2006, when the Tax Court issued its decision in *Calafati v. Commissioner*, No. 17529-03L, 2006 WL 3780733 (U.S.Tax Ct. December 26, 2006).

In *Calafati*, the IRS issued the taxpayer a notice of intent to levy in response to an unpaid income tax deficiency. *Id.* at *1. The taxpayer's request for a hearing was granted and a telephone CDP hearing was scheduled. *Id.* at *2. At the hearing the taxpayer's representative, Mr. Wagner, informed the appeals officer that he intended to make an audio recording. *Id.* The appeals officer advised Mr. Wagner that the Appeals Office did not permit audio recording. *Id.* Mr. Wagner and

---

[18] Def.'s Memo in Supp. 6.

the appeals officer agreed that they would terminate the hearing because the appeals officer would not permit audio recording. *Id.* The parties stipulated that they would have proceeded with the hearing had Mr. Wagner been permitted to record it. *Id.*

Approximately one month later, the IRS issued its notice of determination. *Id.* The notice informed the taxpayer that a levy was appropriate to collect the unpaid taxes. *Id.* The taxpayer then sought review by the Tax Court. Subsequent to filing his petition, the taxpayer filed a motion for summary judgment in which he asserted that "a telephone interview conducted pursuant to section 6330 qualifies as an 'in person interview' within the meaning of section 7521(a)." *Id.* at *4.

Section 7521 provides that an IRS officer shall allow a taxpayer, upon advance request, to make an audio recording of any "in-person interview." I.R.C. § 7521(a)(1) (2006). The *Keene* court determined that a face-to-face CDP hearing qualified as an "in person" interview. *Keene*, 121 T.C. at 16-17. In *Calafati*, however, the Tax Court found that "the term 'in-person interview'...refers to an interview in which the IRS representative and the taxpayer and/or his representative are face-to-face, that is, they are within each other's physical presence." *Calafati*, 2006 WL 3780733, at *6. The court's interpretation was based upon the dictionary definition of "in-person" and the statute's legislative history.

While this court recognizes the Tax Court's special expertise in tax matters, it cannot agree with the *Calafati* court's interpretation of § 7521.[19] First, "in person" is susceptible of several

---

[19] "The interpretation of an agency charged with the administration of a statute is entitled to a substantial degree of deference." *Yarbro v. Comm'r*, 737 F.2d 479, 483 (5th Cir.1984). However, this court is not bound by the decisions of the Tax Court. See *Freytag v. Commissioner*, 501 U.S. 868, 890-91, 111 S.Ct. 2631, 2645 (1991), for a discussion of the Tax Court's function and role in the federal judicial scheme.
7

meanings. As the Tax Court notes, the phrase is synonymous with "personally." *Calafati*, 2006 WL 3780733, at *5. In this vein, the Oxford English Dictionary defines the phrase "in-person" as "with or by one's own action *or* physical presence, personally." OXFORD ENGLISH DICTIONARY ONLINE (2007), *available at* http://dictionary.oed.com (emphasis added). Certainly, a CDP hearing conducted via telephone entails a conversation between the appeals officer and the taxpayer personally *or* by his own action.

Second, there is nothing in the legislative history of § 7521(a) which would preclude its application to telephone hearings. As *Calafati* observes, the legislative history indicates that the IRS may satisfy its obligation to explain the audit and/or collection process under § 7521(b) by providing the taxpayer with a "written statement handed to the taxpayer at an audit or collection interview or within a short time before the interview." H.R. REP. NO. 100-1104, 213 (1988), as *reprinted in* 1988 U.S.C.C.A.N. 5048, 5273. The *Calfati* court took this to mean that Congress "envisioned an 'in-person interview' as an interview where both [an IRS] representative and the taxpayer...are physically present and able to 'hand' information to each other." *Calafati*, 2006 WL 3780733, at *6.

This court does not disagree that, in the conference report, Congress contemplated a face-to-face exchange when it suggested that the IRS's obligation under § 7521(b) could be discharged by handing the taxpayer a written statement. However, the fact that Congress did not specifically mention the phrase "in-person interview" in conjunction with a telephone conference does not indicate its intention to apply the phrase only to face-to-face interviews.

8

In fact, the first reference the court found to a telephone CDP hearing appears in the Federal Register in 2002 in conjunction with the Internal Revenue Service Restructuring and Reform Act of 1998. Notice and Opportunity for Hearing Before Levy, 67 Fed. Reg. 2549, 25555 (Jan. 18, 2002) (to be codified at 26 C.F.R. pt. 301). Certainly, this is not a definitive indication that telephone hearings were not used prior to 2002. Nonetheless, considering that § 7521 was passed in 1988, it is possible that Congress did not specifically discuss telephone interviews because such interviews were not commonplace.

Furthermore, as a practical matter, there is no reason why a taxpayer should be allowed to record a face-to-face hearing, but not a telephone hearing. The avowed purpose of the CDP hearing, regardless of how conducted, is to ensure the taxpayer is afforded due process before he is deprived of property. *See* S. Rep No. 105-174, at 67 ("The Committee believes that following procedures designed to afford taxpayers due process in collections will increase fairness to taxpayers."). A telephone hearing is therefore intended to be a valid substitute for a face-to-face hearing and the discretion whether to grant one instead of the other lies with the IRS. *See* 26 C.F.R. § 301.6330-1(d) (2006). Thus, Congress's failure to define "in-person interview" is perhaps a tacit recognition that there is no practical difference between a face-to-face hearing and a telephone hearing.

Finally, the court declines to rely upon the IRS's interpretation that § 7521 requires the taxpayer to "give 10 days advance notice of their intent to audio record" and that "recording is only allowed in face-to-face conferences, no telephone conference recording is allowed." Internal Revenue Manual § 8.6.1.2.5.1. The Internal Revenue Manual describes the internal operating procedures of the IRS. *See, e.g., Oxford Capital Corp. v. U.S.*, 211 F.3d 280, 285 n. 3 (5th Cir. 2000). As such, it is well-settled "that the provisions of the manual are directory rather than

mandatory, are not codified regulations, and clearly do not have the force and effect of law." *Marks v. C.I.R.*, 947 F.2d 983, 986 n. 1. (D.C. Cir. 1991) (citing *Pomeroy v. United States*, 864 F.2d 1191, 1194-95 (5th Cir. 1989)); *see also Fargo v. C.I.R.*, 447 F.3d 706, 713 (9th Cir. 2006).

## CONCLUSION

Viewing the petition in the light most favorable to the plaintiff, Simien has made sufficient allegations to support a claim for relief. Accordingly, the United States' motion to dismiss will be denied.

Lake Charles, Louisiana, this 30 day of January, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE